UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CHRISTOPHER BENITES,

                            Plaintiff,        Civil Action

      -against-

NEW YORK DEPARTMENT OF CORRECTIONS      **COMPLAINT**
AND COMMUNITY SUPERVISION;
CORRECTION OFFICER "G." LEHIOSKY;      Jury Trial demanded
CORRECTION OFFICER "T." MARTINEAU;
CORRECTION OFFICER "S." DODGE; and
CORRECTION OFFICER "F." SMITH, the first
name of the last four named defendants being
fictitious,

                           Defendants.
------------------------------------------------------------x

## **INTRODUCTION**

Plaintiff, CHRISTOPHER BENITES, by his attorney, Lebedin Kofman LLP, complaining of the Defendants, respectfully alleges as follows:

## **PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees under 42 U.S.C.§§ 1983 and 1988 for violations of his civil rights, which are secured by these statues and the United States Constitution.

## **JURISDICTION**

2. Plaintiff brings this action under 42 U.S.C. § 1983 and 1988; and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

3. This Court has jurisdiction to hear all claims in this matter under 28 U.S.C. § 1331, 1343(a), and 1367(a); Federal Rule of Civil Procedure (hereinafter, "F.R.C.P.") 18(a); and arises under the doctrine of pendent jurisdiction as set forth in <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715 (1966).

**VENUE**

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. §§ 1391(b)(1) and (d) because defendant NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION conducts operations and maintains offices in the County of New York, State of New York, which lies within the Southern District of New York.

**JURY DEMAND**

5. Plaintiff respectfully demands a trial by jury on all issues in this matter under F.R.C.P. 38(b).

**PARTIES**

6. Plaintiff CHRISTOPHER BENITES is a natural person and United States Citizen residing in the State of New York during all relevant times of this action and is currently residing in the State of New York.

7. At all relevant times, Defendant NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION (hereinafter, "DOCCS") was and is a municipal corporation incorporated and existing under the laws of the State of New York. Defendant DOCCS is responsible for the policies, procedures, and practices implemented though its various agencies, agents, departments, and employees, and for injury occasioned thereby.

8. Defendant DOCCS operates the Great Meadow Correctional Facility (hereinafter "Great Meadow"), a prison complex in which Plaintiff was incarcerated when the incident underlying this action occurred, along with being the location of the incident, and as such is the public employer of Defendants CORRECTION OFFICER "G." LEHIOSKY, CORRECTION OFFICER "T." MARTINEAU; CORRECTION OFFICER "S." DODGE; and CORRECTION OFFICER "F." SMITH.

9. Defendant CORRECTION OFFICER "G." LEHIOSKY (hereinafter "Lehiosky") was a correctional officer at Great Meadow, and at all times relevant hereto, acted in that capacity as agent, servant and/or employee of Defendant DOCCS and within the scope of his employment. Lehiosky is sued in his official and individual capacity.

10. Defendant CORRECTION OFFICER "T." MARTINEAU (hereinafter "Martineau") was a correctional officer at Great Meadow, and at all times relevant hereto, acted in that capacity as agent, servant and/or employee of Defendant DOCCS and within the scope of his employment. Martineau is sued in his official and individual capacity.

11. Defendant CORRECTION OFFICER "S." DODGE (hereinafter "Dodge") was a correctional officer at Great Meadow, and at all times relevant hereto, acted in that capacity as agent, servant and/or employee of Defendant DOCCS and within the scope of his employment. Dodge is sued in his official and individual capacity.

12. Defendant CORRECTION OFFICER "F." SMITH (hereinafter "Smith") was a correctional officer at Great Meadow, and at all times relevant hereto, acted in that capacity as agent, servant and/or employee of Defendant DOCCS and within the scope of his employment. Smith is sued in his official and individual capacity.

## FACTS

13. The facts alleged in this complaint are based upon the personal observations of Plaintiff regarding events that took place in his presence, and upon information and belief, the sources thereof are documents prepared in connection with the incarceration of Plaintiff and public documents and information relating thereto which are presently available to Plaintiff. The aforesaid documentary evidence is presently incomplete, as it does not include numerous

documents and exhibits; therefore, the complaint has been prepared without the benefit of full discovery.

## The Incident of August 13, 2018

14. On August 13, 2018, at around 9:40 a.m., Plaintiff was sleeping in his cell in the general population of Great Meadow (Cell B-6-14). Suddenly and without warning, Plaintiff's cell gate was opened by defendants Lehiosky and Martineau, who then proceeded to enter into Plaintiff's cell.

15. After entering Plaintiff's cell, defendants Lehiosky and Martineau, accompanied by defendants Dodge and Smith, jumped on Plaintiff and began attacking him. Specifically, defendants Lehiosky, Martineau, Dodge, and Smith handcuffed Plaintiff and beat him for a sustained period of thirty (30) seconds.

16. After beating Plaintiff in his cell (which beating had caused Plaintiff to fall to the ground writhing in pain) defendants Lehiosky, Martineau, Dodge, and Smith attempted to stand Plaintiff up forcibly, while he was still in handcuffs. Defendants Lehiosky, Martineau, Dodge, and Smith yelled at Plaintiff and verbally berated him while attempting to stand him up, as Plaintiff repeatedly told them he could not do so because his foot was in agonizing pain.

17. Directly following this, Plaintiff was forcibly removed from his cell by defendants Lehiosky, Martineau, Dodge, and Smith, who dragged him to a strip search room where he was subsequently strip searched.

18. The attack against Plaintiff by defendants Lehiosky, Martineau, Dodge, and Smith caused serious physical, mental, and emotional injuries to Plaintiff, including but not limited to: (1) three contusions/abrasions to his left forearm; (2) abrasions in his abdominal region; (3) contusions on both of his shoulders; (4) deep abrasions on his right temple; and (5) multiple

fractures in his foot. The full extent of these injuries are presently unknown.

19. Plaintiff has been in treatment for his physical, psychological, and emotional injuries.

20. At all times relevant to this action, Defendants acted intentionally, willfully, knowingly, negligently, and with reckless disregard for, and deliberate indifference to the rights of Plaintiff.

21. The acts of defendants Lehiosky, Martineau, Dodge, and Smith during the course of the incarceration of Plaintiff were the direct result of the failure of defendant DOCCS to properly hire, train, supervise, monitor, and discipline its officers, agents, employees and / or contractors.

22. The acts of defendants Lehiosky, Martineau, Dodge, and Smith during the course of the incarceration of Plaintiff were the direct result of policies, practices, and customs developed, implemented, enforced, encouraged, sanctioned, or tolerated by defendant DOCCS.

23. As a result of the aforesaid acts or omissions of Defendants, Plaintiff sustained personal, physical, and emotional injuries and losses including, pain and suffering, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, trauma, shock, fear, humiliation, embarrassment, shame, indignity, damage to his reputation, professional and economic losses, and financial costs and expenses.

24. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts that may otherwise have jurisdiction.

## I.  FIRST CAUSE OF ACTION
### Pursuant to 42 U.S.C. § 1983 (Excessive Force)

25. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 24 above with the same force and effect as if herein set forth.

26. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

27. That Defendants had no legal cause or reason to use excessive force against Plaintiff.

28. That Defendants violated Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizure when they used excessive force against him.

29. That at the time while in custody, Plaintiff did not pose a threat to the safety of defendants Lehiosky, Martineau, Dodge, and Smith, or any other correctional officers of staff working at Great Meadow.

30. That Plaintiff did not actively resist arrest or attempting to resist the actions of defendants Lehiosky, Martineau, Dodge, and Smith.

31. The defendant DOCCS, through its officers, agents, and employees, unlawfully subjected Plaintiff to excessive force during the incident which occurred on August 13, 2018.

32. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

33. That by reason of Defendants' acts and omissions, acting under color of law and within the scope of Defendants' authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force, in violation of Plaintiff's rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

34. That Defendants had the opportunity to intervene, and failed to do so, to prevent violations of Plaintiff's civil rights, including but not limited to the right to be free from the application of excessive force.

35. That upon information and belief, it was the policy and/or custom of defendant DOCCS to inadequately train, supervise, discipline, and/or terminate its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

36. That as a result of the above-described policies and customs, the officers, staff, agents and employees of defendant DOCCS, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

37. That the above-described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant DOCCS to the constitutional rights of prisoners and were the cause of the violations of Plaintiff's rights alleged herein.

38. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All said injuries may be permanent.

## II.    SECOND CAUSE OF ACTION
### Pursuant to 42 U.S.C. § 1983 (Detention and Confinement)

39. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 38 above with the same force and effect as if herein set forth.

40. As a result of Defendants' concerted unlawful and malicious detention and confinement of Plaintiff, Defendants deprived Plaintiff of both his right to liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. 1983.

41. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damages to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### III. THIRD CAUSE OF ACTION
### Pursuant to 42 U.S.C. § 1983 (Refusing or Neglecting to Prevent)

42. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 41 above with the same force and effect as if herein set forth.

43. At all times relevant to the complaint, defendants Lehiosky, Martineau, Dodge, and Smith, as correctional officers, were acting under the direction and control of defendant DOCCS.

44. Acting under the color of law and pursuant to official policy, defendant DOCCS knowingly, recklessly or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis defendants Lehiosky, Martineau, Dodge, and Smith in their duties to refrain from:

    a. Unlawfully and maliciously undue physical violence on a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities;

    b. Conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and the laws of the United States and the laws of the State of New York;

    c. Otherwise depriving Plaintiff of his constitutional and statutory rights, privileges and immunities.

45. Defendant DOCCS had knowledge of or had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have knowledge that the

wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendant DOCCS had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

46. Defendant DOCCS directly or indirectly under color of law approved or ratified the unlawful deliberate, malicious, reckless, and wanton conduct of defendants Lehiosky, Martineau, Dodge, and Smith.

47. As a direct and proximate cause of the negligent and intentional acts of Defendants as set forth in paragraphs 1 to 46 above, Plaintiff suffered physical injury, loss of income, and severe mental anguish in connection with the deprivations of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

48. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of the said injuries may be permanent.

## IV.     FOURTH CAUSE OF ACTION
### Pursuant to 42 U.S.C. § 1983 (Deliberate Indifference to Physical Harm)

49. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 48 above with the same force and effect as if herein set forth.

50. At all times relevant to the complaint, defendants Lehiosky, Martineau, Dodge, and Smith, as correction officers, were acting under the direction and control of Defendant DOCCS.

51. Defendants Lehiosky, Martineau, Dodge, and Smith knew or should have known Plaintiff faces substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it.

52. The substantial risk of harm resulting from Defendants' deliberate indifference caused Plaintiff to suffer physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of the said injuries may be permanent.

## V.   FIFTH CAUSE OF ACTION
### Pursuant to 42 U.S.C. § 1983 (Failure to Intervene)

53. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 52 above with the same force and effect as if herein set forth.

54. At all times relevant to the complaint, defendants Lehiosky, Martineau, Dodge, and Smith as correction officers were acting under the direction and control of defendant DOCCS.

55. Defendants Lehiosky, Martineau, Dodge, and Smith have an affirmative duty to intervene when Plaintiff, whose constitutional rights were being violated in their presence.

56. Defendants Lehiosky, Martineau, Dodge, and Smith were present at the time of the incident but failed to intervene and to prevent the unlawful conduct described herein despite having every opportunity to do so.

57. As a result of the Defendants' conduct, or the lack thereof, Plaintiff was subjected to excessive force, was placed in fear for his safety, and he was physically brutalized and in pain.

58. Acting under the color of law and pursuant to official policy, defendant DOCCS knowingly, recklessly or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis defendants Lehiosky, Martineau, Dodge, and Smith in their duties to prevent inmates from foreseeable assault and battery while in custody.

59. Defendant DOCCS had knowledge of or had it diligently exercised its duties to instruct, supervise, control, and discipline on a continuing basis, should have knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendant DOCCS had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

60. Defendant DOCCS directly or indirectly under color of law approved or ratified the unlawful deliberate, malicious, reckless, and wanton conduct of defendants Lehiosky, Martineau, Dodge, and Smith heretofore described.

61. As a direct and proximate cause of the negligent and intentional acts of defendant DOCCS as set forth in paragraphs 1 to 60 above, Plaintiff suffered physical injury, loss of income, and severe mental anguish in connection with the deprivations of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

62. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of the said injuries may be permanent.

### VI. SIXTH CAUSE OF ACTION
### Municipal Liability "Monell" Claim

63. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 62 above with the same force and effect as if herein set forth

64. Defendants Lehiosky, Martineau, Dodge, and Smith, individually and collectively, within the scope of their employment and authority and under color of State Law, engaged in

conduct which constituted customs, policies, procedures, rules, or usages of defendant DOCCS and which were in violation of the rights, privileges, and immunities of Plaintiff, a citizen of the United States and resident of the State of New York, as secured by the United States Constitution.

65. The aforesaid customs, policies, procedures, rules, or usages included but were not limited to: utilizing unnecessary excessive force, failure to ensure that use of force by correctional officers is properly reported and investigated; failure to prevent and intervene foreseeable harm; failure to appropriately discipline correctional officers who utilize unnecessary and excessive force, as well as those who supervise such officers; failure to implement measures to ensure that officers are appropriately supervised by qualified and well-trained staff; and failure to intervene when employees, officers, agents, and / or contractors violate well-established statutory and constitutional rights.

66. The aforesaid unlawful policies and practices in tolerating such misconduct resulted in the subject incident rendering defendant DOCCS liable to Plaintiff pursuant to Monell v. City of New York, 436 U.S. 658 /91978), and under 42 U.S.C. §1983.

67. The aforesaid conduct was consistent with the institutionalized practices of defendant DOCCS.

68. Despite knowledge of these institutionalized practices, defendant DOCCS took no effective actions to end or prevent such practices.

69. Defendant DOCCS had prior notice of the injurious actions and practices of defendants Lehiosky, Martineau, Dodge, and Smith, but took no effective actions to end or prevent the aforesaid defendants from committing such practices.

70. Defendant DOCCS had prior notice that defendants Lehiosky, Martineau, Dodge, and Smith had inadequate training regarding the applicable provisions of applicable laws and

federal and state statutory and constitutional protections but took no effective actions to ensure that the aforesaid defendants were provided with adequate or appropriate training.

71. Defendant DOCCS authorized, tolerated, and ratified the misconduct of employees, officers, agents, and / or contractors, and of defendants Lehiosky, Martineau, Dodge, and Smith, specifically, by failing to: discipline employees, officers and agents; take adequate precautions in screening, hiring, educating, informing, training, supervising, promoting, and retaining employees, officers, agents; and failing to establish and maintain a meaningful system for responding to complaints of misconduct, all of which constitute deliberate indifference by defendant DOCCS to Plaintiff's rights secured by the United States Constitution, and deliberate indifference to the physical safety and well-being of Plaintiff.

72. As a direct and proximate cause of Defendants' acts and / or omissions, Plaintiff was caused to suffer great pain and mental anguish, great humiliation and fear, and further pecuniary damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

73. The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders defendant DOCCS liable to Plaintiff for punitive damages.

74. The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiff for punitive damages and for Plaintiff's attorney's fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff demands judgment against Defendants NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION; CORRECTION OFFICER "G." LEHIOSKY; CORRECTION OFFICER "T." MARTINEAU; CORRECTION OFFICER "S." DODGE; and CORRECTION OFFICER "F." SMITH, the first name of the last four named defendants being fictitious, jointly and severally, for actual, general, special, compensatory damages in the amount of Ten Million Dollars ($10,000,000.00) and further demands judgement against each as said Defendants, jointly and severally, for punitive damages in the amount of Ten Million Dollars ($10,000,000.00), plus cost of the action, including attorney's fees, and such other relief deemed to be just and equitable. Actual, general, special and compensatory damages for Plaintiff.

Dated: New York, New York
August 13, 2021

/s/Mike Lienoff
Mike Lienoff, Esq.
LEBEDIN KOFMAN, LLP
Attorneys for Plaintiff
CHRISTOPHER BENITES
26 Broadway, 27th Floor
New York, New York 10004

## ATTORNEY'S VERIFICATION

I, the undersigned, am an attorney duly admitted to practice law in the courts of the State of New York, and affirm the following to be true:

I am associated with the law firm of Lebedin Kofman, LLP, the attorneys of record for Plaintiff.

I have read the foregoing Complaint, and know the allegations of fact stated therein, that the stated allegations of fact are true to my own knowledge except as to those allegations stated to be on information and belief, and as to those matters, I believe them to be true.

The grounds of my belief as to all matters stated to be upon information and belief are conversations with Plaintiff, my review of the documents contained in files maintained by my office in connection with this matter, and any investigation of the relevant facts and circumstances.

The reason I make this verification instead of Plaintiff is that Plaintiff is not presently within the county where Lebedin Kofman, LLP maintains its offices.

Dated: New York, New York
       August 13, 2021

/s/Mike Lienoff
Mike Lienoff, Esq.