UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER BENITES,

                                Plaintiff,

-against-

NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION; CORRECTION OFFICER "G." LEHIOSKY; CORRECTION OFFICER "T." MARTINEAU; CORRECTION OFFICER "S." DODGE; and CORRECTION OFFICER "F." SMITH, the first name of the last four named defendants being fictitious,

                                Defendants.

No. 21-cv-06863 (CM)

---

### DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION AND DISMISSING THE CASE

McMahon, J.:

      Plaintiff Christopher Benites ("Plaintiff") brings this action under 42 U.S.C. § 1983 against the named Correction Officers ("Defendant Officers") and the New York Department of Corrections and Community Supervision ("DOCCS"). Plaintiff asserts various constitutional claims under Section 1983 related to an allegedly vicious beating he suffered while incarcerated at the Great Meadow Correctional Facility.

      The complaint in this action was filed on August 13, 2021 and the summons was requested ninety days later, on November 12, 2021 – the very day that the Fed. R. Civ. P. 4(m) time limit for serving process expired. But Plaintiff still has not served Defendants. Only after the court advised Plaintiff that the case was at risk of being dismissed for failure to prosecute did an attorney move – on January 24, 2023 – for an extension of time to serve Defendants.

1

That motion is DENIED. And because the statute of limitations expired, at the latest, on June 28, 2022 – nearly 7 months ago – the complaint is dismissed with prejudice.

## BACKGROUND

The incident forming the basis for this suit occurred on August 13, 2018. (Compl. ¶ 13, Dkt. No. 1). Plaintiff filed a complaint, alleging various constitutional claims under Section 1983 related to an allegedly brutal beating he suffered at the hands of DOCCS correction officers, exactly three years later, on August 13, 2021. (Dkt. No. 1).

Plaintiff then waited 90 days, until November 12, 2021, to ask the Clerk of the court to issue summonses to the Defendants. (Dkt. Nos. 3-7). On November 26, 2021, Plaintiff's process server attempted to effect service DOCCS' Central Office at 1220 Washington Avenue in Albany.  (Dkt. No. 16-1). DOCCS counsel refused to accept service, either on behalf of the agency or the individual defendants and directed the process server to serve DOCCS at its Queens District Office. (*Id.*). Nothing in the record indicates that a copy of the complaint was left with DOCCS in Albany.

This was the first and last time that Plaintiff's counsel made any effort to effect service. (Dkt. No. 16 at 2). The summonses were never returned executed.

On January 17, 2023, having seen no activity in the case for over a year, the court asked Plaintiff's counsel for a status report and advised that a failure to respond would result in the dismissal of the case for failure to prosecute. (Dkt. No. 13). This apparently caught the attention of the law firm representing Plaintiff. A new attorney from that firm entered her appearance on January 24, 2023. On the same day, Plaintiff moved for an extension of time to serve defendants. (Dkt. No. 16).

**LEGAL STANDARD**

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Once a complaint has been filed, "the statute of limitations for the underlying claim is tolled during [Rule 4's 90–day service] period." *Zapata v. City of New York*, 502 F.3d 192, 194 n.4 (2d Cir. 2007) (*quoting Frasca v. United States*, 921 F.2d 450, 453 (2d Cir.1990) (internal quotations omitted). "If service is not complete by the end of the [90] days, however, the governing statute of limitations again becomes applicable, and the plaintiff must refile prior to the termination of the statute of limitations period." *Id.*

A party may seek an extension of the Rule 4(m) time limit for good cause shown. *See* Fed. R. Civ. P. 4(m); *E. Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999). However, good cause to excuse a failure to effect service exists only in "exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond [his] control." *Ping Chen ex rel. U.S. v. EMSL Analytical, Inc.*, 966 F. Supp. 2d 282, 306 (S.D.N.Y. 2013) (*quoting E. Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999)). "A party seeking a good cause extension bears a heavy burden of proof," which is not satisfied by "a showing that the plaintiff encountered some unanticipated difficulty." *Spinale v. United States*, No. 03-CV-01704 (KMW) (JCF), 2005 WL 659150, at *3 (S.D.N.Y. Mar. 16, 2005) (citations omitted). In considering whether a plaintiff has shown good cause, courts weigh "the plaintiff's reasonable efforts to

effect service and the prejudice to the defendant from the delay." *AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt.*, L.P., 197 F.R.D. 104, 108 (S.D.N.Y. 2000). An attorney's inadvertence, neglect or mistake is not good cause. *See Ping Chen*, 966 F. Supp. 2d at 306; *see also Counter Terrorist Grp. U.S. v. New York Mag.*, 374 F. App'x 233, 235 (2d Cir. 2010).

"[A] district court *may* grant an extension in the absence of good cause, but it is not required to do so." *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007) (emphasis in original) (citing *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002)). At minimum, before granting an extension of time to serve absent a showing of good cause, a district court should assess whether "the plaintiff" has "advance[d] some colorable excuse for [his] neglect" of Rule 4(m)'s time limit. *See id.* at 198 (*citing Bogle-Assegai v. Connecticut*, 470 F.3d 498, 509 (2d Cir. 2006)).

In deciding a motion to extend the time limit of Rule 4(m), courts typically consider four factors: "(1) whether the applicable statute of limitations would bar [a] refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." *Songhorian v. Lee*, No. 11-CV-00036 (CM), 2012 WL 6043283, at *4 (S.D.N.Y. Dec. 3, 2012) (internal quotation marks and citation omitted).

Where a plaintiff "made no effort to effect service within the service period, neglected to ask for an extension within a reasonable period of time, and has advanced no cognizable excuse for the delay," the Second Circuit has found no abuse of discretion in dismissal—even where the statute of limitations would bar a refiled action. *Id.* at 199.

**DISCUSSION**

Plaintiff has not made a showing of good cause for his failure to serve Defendants that would entitle him to an extension.

Plaintiff's explanation for the failure to serve does not even remotely pass muster under the good cause standard. Counsel made exactly one attempt to effect service. That attempt was made after the 90 day period for serving process under Rule 4(m) had already expired – it expired on November 12, 2021, and service was not attempted until November 26, 2021 – and 14 months before moving for an extension of time to serve. Counsel argues that DOCCS Albany improperly refused to accept service, (Dkt. 16 at 2), but assuming that to be true (it may or may not be), that would qualify as a single "unanticipated difficulty," one that counsel made literally no effort to overcome for the next 14 months. That is insufficient to demonstrate good cause.

What happened next was a classic case of law office failure: the attorney who originally handled the plaintiff's case left the firm, apparently without making provision for follow up attempts at service, and due to some unexplained "turnover" at the firm, the case fell through the cracks – where it undoubtedly would have remained forever but for the court's inquiry. Law office failure does not constitute good cause, either – and is certainly not a circumstance beyond counsel's control, which is the only basis for a showing of good cause. *See Ping Chen*, 966 F. Supp. 2d at 306; *see also Carl v. City of Yonkers*, 2008 WL 5272722, at *6 (S.D.N.Y. Dec. 18, 2008), aff'd, 348 F. App'x 599 (2d Cir. 2009).

Plaintiffs argue that they tried to effect service and contend that Defendants are "unlikely" to be prejudiced by the delay, because (or so counsel surmises) the Defendants either had actual notice of the complaint (because they participated in the event, and so should have

anticipated being sued) or would have had actual notice of the complaint but for the improper refusal of service.

The fact of the matter is that the failure to serve Defendants was clearly a result of the law office's inadvertence, neglect or mistake, which does not constitute good cause.

So the issue to be decided is whether the court will, in an exercise of its discretion, grant the motion for an extension of time notwithstanding Plaintiff's failure to demonstrate good cause. To decide that we examine the four factors listed above.

The first factor is whether the applicable statute of limitations would bar a refiled action. "Courts have consistently considered the fact that the statute of limitations has run on a plaintiffs claim as a factor favoring the plaintiff in a Rule 4(m) analysis." *Purzak v. Long Island Hous. Servs., Inc.*, 2013 WL 5202711 (E.D.N.Y. Sept. 13, 2013) (*quoting Carroll v. Certified Moving & Storage, Co.*, 2005 WL 1711184, at *2 (E.D.N.Y. July 19, 2005) (citation and internal quotation marks omitted)). On the other hand, "[i]t is obvious that any defendant would be harmed by a *generous* extension of the service period beyond the limitations period for the action, especially if the defendant had no actual notice of the existence of the complaint until the service period had expired." *Zapata*, 502 F.3d at 198. (Emphasis added) The Second Circuit has therefore "le[ft] [it] to the district courts to decide on the facts of each case how to weigh the prejudice to the defendant that arises from the necessity of defending an action after both the original service period and the statute of limitations have passed before service." *Id.* at 198.

In this case the three year statute of limitations on Plaintiff's Section 1983 claims, *Zapata*, 502 F.3d at 194 n.3, would ordinarily have expired on August 13, 2021, which was three years to the day after the incident that underlies his claims. To that is added 90 days for service, which means that the statute was due to expire on November 12, 2021 – the day the summonses

6

were requested. However, because of the COVID pandemic, the statute of limitations on Plaintiff's claim (which is borrowed from New York's statute of limitations) had been extended a further 228 days, per Governor Cuomo's Executive Order 202.8, which this court has interpreted to apply to Section 1983 claims. *Paul v. Capra*, 2022 WL 992845, at *6 (S.D.N.Y. Mar. 31, 2022). That means that the statute of limitations expired no later than June 28, 2022, and arguably expired March 30, 2022.[1]

As noted, if the limitations period has expired, it tends to weigh in favor of granting Plaintiff an extension of time to serve the Complaint on Defendants. *See Songhorian*, 2012 WL 6043283, at *4. But a "generous" extension of the statute has been recognized as prejudicial to defendants. *Zapata*, 502 F.3d at 198. Granting this motion would result in an extremely "generous" extension of an already generously extended limitations period – one that by rights (and without COVID, which, I note, did not bar the timely filing of the complaint) should have expired fourteen months ago. So while I recognize that the expiration of the limitations period weighs in Plaintiff's favor, it ran so long ago that it does not convince me, in an exercise of discretion, that I should revive Plaintiff's long-dormant claim. This is particularly true because literally no efforts were made to move for an extension of the Rule 4(m) deadline during the extremely long period between the issuance of the summonses (issued on the very day that period expired) and the court's inquiry.

The second factor is whether Defendants had actual notice of Plaintiff's claims asserted in the complaint. Plaintiff offers no evidence that they did. Counsel served a notice of intention to

---

[1] It is not clear whether the 90 day toll of the statute of limitations gets tacked onto the 228 day toll of limitations imposed by Governor Cuomo in light of the COVID pandemic, but whether there is a tacking of tolls or not, the result is the same: the statute ran many months before a motion to extend the Rule 4(m) period was made.

7

file a claim for the incident against the State of New York on the Office of the New York Attorney General on October 24, 2018. (Dkt. No. 16-2 at 7). However, there is no indication in the record that the notice of intention was ever communicated to DOCCS or to any of the individual defendants; it is they, not the Attorney General, whose knowledge is relevant to the Rule 4(m) inquiry.

Moreover, Plaintiff never served or filed a claim; neither did he apply to the New York Court of Claims for permission to treat his notice of intention as an actual claim, N.Y. Ct. Cl. Act § 10(8)(a) (McKinney), and his time to file such a claim expired one year after the incident. *Id.* § 10(3)(b). This does not constitute notice to the defendants of the claims asserted in the complaint in this action.

Plaintiff argues that the Defendant Officers had actual notice of the claims in suit because the incident forming the basis of this suit involved them and they participated in it. (Dkt. No. 16 at 3). That presumes that Plaintiff's version of the events of August 13, 2018 is correct – which is not something I can assume when evaluating whether the defendants had notice of Plaintiff's claims for Rule 4(m) purposes. Moreover, assuming arguendo that the Plaintiff had reason to file suit, not every individual who is involved in an incident does in fact assert a claim; plaintiff's own failure to convert his notice of intention into an actual claim is proof of the pudding, and could easily have been interpreted by defendants (assuming they were aware of the notice of intention) as a decision to abandon the assertion of a claim. In short, Plaintiff's argument does not stand up to scrutiny. And Plaintiff's assertion that the defendants' supervisors must have had notice of his claim because a use of force report and incident report "likely" would have been created at the time the incident occurred – which report, per DOCCS policy, would have been reviewed and signed off on by at least one supervisor – is pure speculation on counsel's part.

Finally, Plaintiff argues that DOCCS would have had notice but for the improper refusal to accept service. (Dkt. No. 16 at 3). But the Rule 4(m) period had already expired by the time service was attempted on DOCCS. Moreover, there is no evidence that the process server left a copy of the complaint with anyone at DOCCS' Albany headquarters; the fact that someone brought a copy of the claims to Washington Street but then walked away because service was refused does not give rise to any presumption that an actual person was on notice of the claims asserted in the pleading.

For these reasons, the second factor favors Defendants.

The third factor favors also Defendants, who made no effort to conceal any defect in service. Plaintiff's counsel was well aware service had been refused by DOCCS counsel. That no effort was made to cure this problem was strictly the result of law office failure – not any acts of concealment by Defendants.

As to the fourth and final factor, Defendants will be prejudiced if the court resurrects these longs dead claims. See *Zapata*, 502 F.3d at 198. The prejudice to Defendant Officers is particularly stark in the circumstances of this case, since the relevant events occurred four and a half years ago, and their memory of the events undoubtedly has faded. Moreover, the fact that the already extended limitations period expired seven months ago – not seven days or even seven weeks ago – causes the prejudice to defendants to outweigh the fact that my failure to grant this motion will result in dismissal with, rather than without, prejudice, because Plaintiff cannot refile the case now.

Thus, because the relevant factors favor defendants, in an exercise of my discretion I deny the motion to grant an extension of the Rule 4(m) period for effecting service. In my estimation, the fact that Plaintiffs made but one attempt to serve process, never sought an

9

extension of the Rule 4(m) period until 14 months after it had passed (and after the court drew their attention to the problem), and made no other effort to prosecute this case augurs strongly against allowing this case to proceed. *See Zapata*, 502 F.3d at 197. Indeed, it is highly probable that, had the court not inquired into the status of litigation, this case would never have been prosecuted.

"[T]he self-evident purpose of Rule 4(m) is to speed litigation and to discourage haphazard and delayed service." *Kapeluschnik v. LeSchack & Grodensky, P.C.*, 1997 WL 34652665, at *2 (E.D.N.Y. Mar. 20, 1997). Granting additional time now to Plaintiff to effect service on Defendants would further delay this case and run counter to the "just, speedy and inexpensive determination" of the case. *See* Fed. R. Civ. P. 1.

In *Zapata*, the Second Circuit affirmed a district court's denial of the plaintiff's motion for extension of time to serve the complaint, even though the denial meant that the plaintiff's claims were time-barred. *See Zapata*, 502 F.3d at 197. Here, as in *Zapata*, Plaintiff has "made no effort to effect service within the service period, neglected to ask for an extension within a reasonable period of time, and ... advanced no cognizable excuse for the delay." *Id.* at 199.

Additionally, the fact that plaintiff was not proceeding pro se, but was represented by a licensed attorney, favors denial of the motion. "It was incumbent on th[e] attorney to protect plaintiff's rights by seeing to it that the complaint was properly served in a timely manner. To the extent that that was not done, the fault lies not with the defendants or with the Court, but with plaintiff's counsel." *Carl v. City of Yonkers*, 2008 WL 5272722, at *7 (S.D.N.Y. Dec. 18, 2008); *see also Sullivan v. Newburgh Enlarged Sch. Dist.*, 281 F. Supp. 2d 689, 702 (S.D.N.Y. 2003).

To the extent that Plaintiff has been deprived of potentially viable claims against Defendants, he may have a remedy in the form of a malpractice suit against his former attorney

and his firm. But that does not entitle him to prosecute his long-neglected claims at the expense of the named Defendants. *See Link v. Wabash R. Co.*, 370 U.S. 626, 634 n.10 (1962).

## CONCLUSION

Plaintiff's motion for an extension is DENIED. The complaint is dismissed because he has failed to timely serve the Defendants, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

The Clerk of Court is directed to close the motion at Docket Number 14 and the file at Docket No. 21-cv-06863. This shall constitute the written opinion of the Court.

Dated: February 13, 2023

_____
U.S.D.J.

BY ECF TO ALL PARTIES